IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,809-01






EX PARTE PEDRO FRANCO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 5252 IN THE 109TH DISTRICT COURT


FROM ANDREWS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of credit card abuse
and sentenced to two years' imprisonment. He did not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance by not explaining
the community supervision revocation paperwork to Applicant and by not giving Applicant time to
read that paperwork. He also alleges that counsel told Applicant that his community supervision
would be reinstated.


 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings as to whether counsel told Applicant that his community
supervision would be reinstated. The trial court shall also make findings as to whether counsel
explained the revocation paperwork to Applicant. The trial court shall make findings of fact and
conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if
so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make
any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 


Filed: June 27, 2012

Do not publish